UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN RICHARD JOHNSON JR.,

              Plaintiff,

vs.                              Case No.  3:14-cv-1045-J-34MCR

M.T. GALYON, et al,

              Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte.  Plaintiff, who is proceeding pro se,

initiated the instant action on August 29, 2014, by filing a Complaint (Doc. 1) against

Defendants.  Upon review, the Court finds that the Complaint is utterly incomprehensible and

due to be stricken for failure to comply with Rules 8 and 10, Federal Rules of Civil Procedure

(Rule(s)).

While pro se complaints are held to a less stringent standard than those drafted by

an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still

required to "'conform to procedural rules.'"  Riley v. Fairbanks Capital Corp., 222 F. App'x

897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1]

The Rules require that a complaint contain "a short and plain statement of the claim showing

that the pleader is entitled to relief."  Rule 8(a)(2).  "'A complaint need not specify in detail

---

[1]      All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules").  The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office.  The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.

the precise theory giving rise to recovery.  All that is required is that the defendant be on

notice as to the claim being asserted against him and the grounds on which it rests.'" Evans

v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted).   Despite

Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or

inferential allegations respecting all material elements of a cause of action."   Snow v.

DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).   Rules 8 and 10

work together "'to require the pleader to present his claims discretely and succinctly, so that

his adversary can discern what he is claiming and frame a responsive pleading, the court

can determine which facts support which claims and whether the plaintiff has stated any

claims upon which relief can be granted, and, at trial, the court can determine that evidence

which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th

Cir. 1996) (citation omitted).   "Where the allegations of a complaint are 'vague and

ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court

should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir.

2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).   Moreover, in a case

with multiple defendants, the complaint should contain specific allegations with respect to

each defendant; generalized allegations "lumping" multiple defendants together are

insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is

claiming.  See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 F.

App'x 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d

1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d

1364, 1381 (11th Cir. 1997)).

Here, the Complaint, which is written in long, incoherent, single-spaced paragraphs, does not constitute a "short and plain statement" of Plaintiff's claims. Moreover, "[t]he nature of [Plaintiff's] legal claims against the named defendants and the factual basis for such claims [are] incomprehensible: far short of the 'short and plain' statement requirement of Rule 8." See Holbrook, 405 F. App'x at 460; see generally Complaint. Plaintiff's Complaint is simply a disjointed, rambling, and winding account of wrongdoing, fraud, and meaningless legalese that make it impossible for the Court to determine what Plaintiff is claiming. See generally id. In addition, Plaintiff fails to separate his allegations into "numbered paragraphs, each limited as far as practicable to a single set of circumstances," and does not divide his claims into separate counts to the extent they are founded on separate transactions or occurrences. See Rule 10(b). Accordingly, the Court will strike the Complaint for failure to comply with Rules 8(a)(2) and 10(b), and direct Plaintiff to file an amended complaint. See Holbrook, 405 F. App'x at 460-61 ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Pursuant to Rules 8(a)(2) and 10(b), the amended complaint shall set forth separate causes of action in numbered counts against specific defendants and contain "a short and plain statement" of Plaintiff's claims demonstrating that Plaintiff is entitled to relief. See Rules 8(a)(2), 10(b).[2] Specifically, Plaintiff should describe in sufficient detail the factual basis for each of his claims and how each Defendant is responsible.

In light of the foregoing, it is

---

[2] Plaintiff is cautioned that, to the extent he is asserting claims based on fraud, Plaintiff must satisfy the more rigorous pleading standards set forth in Rule 9, which requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud . . . ." See Rule 9(b).

**ORDERED**:

1.      Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

2.      Plaintiff shall file an amended complaint consistent with the directives of this

Order on or before **September 19, 2014.**  Failure to do so may result in a dismissal of this

action.

3.      Defendants shall respond to the amended complaint in accordance with the

requirements of Rule 15(a)(3) of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on September 4, 2014.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties