UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN RICHARD JOHNSON JR.,

                Plaintiff,

vs.                                    Case No.  3:14-cv-1045-J-34MCR

M.T. GALYON, et al,

                Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Plaintiff, who is proceeding <u>pro</u> <u>se</u>, initiated the instant action on August 29, 2014, by filing a Complaint (Doc. 1) against Defendants.  On September 4, 2014, the Court entered an Order (Doc. 4) striking the Complaint for failure to comply with Rules 8 and 10, Federal Rules of Civil Procedure (Rule(s)).  The Court directed Plaintiff to file an amended complaint consistent with the directives of the Order on or before September 19, 2014.  <u>See</u> Order at 4.  In the interim, Plaintiff also filed a Notice of Removal to USDC for Cause (Doc. 5; Notice).  In the Notice, although difficult to decipher, Plaintiff purports to remove to this Court two criminal cases pending against him in state court.  <u>See</u> <u>generally</u> Notice.  For the reasons set forth below, the Court will strike the Notice.  To proceed with his civil claims, Plaintiff should file an amended complaint in accordance with the Court's September 4, 2014 Order.

First, Plaintiff is advised that he may initiate a civil action by filing either a notice of removal, removing a complaint filed against him in state court, or filing an initial complaint setting forth his own claims.  But, Plaintiff cannot file both in the same action.  However, to

the extent Plaintiff seeks to remove a case from state court, the Court observes that Plaintiff failed to comply with the procedures set forth in 28 U.S.C. § 1446.  Section 1446 describes the appropriate removal procedure to invoke federal jurisdiction, and requires the defendant seeking removal to file a timely notice of removal stating the grounds for removal, along with a copy of all process, pleadings, and orders served upon the defendant in the state court action.  See 28 U.S.C. § 1446(a).  In the Notice, Plaintiff simply states that the state court criminal proceedings are "removed to the US DISTRICT COURT for cause," see Notice at 1, and fails to include any copies of process, pleadings, or orders from the state court action.[1]  It appears that this case was not removed from state court but originally filed here. Therefore, to the extent Plaintiff seeks removal of the state court criminal proceedings, he has not properly accomplished this removal.  See Grant v. Bennett, No. 2:06-cv-429-FtM-99DNF, 2006 WL 2583335, at *1 (M.D. Fla. Sept. 6, 2006).

Regardless of the procedural errors, Plaintiff's attempt to remove the criminal cases pending against him in state court must fail because Plaintiff has not satisfied the requirements of 28 U.S.C. § 1443.  See Notice at 1.  Section 1443 governs the removal of state criminal proceedings to federal court.  However, this statute permits such removal under very limited circumstances.  Specifically, § 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

---

[1] Instead, Plaintiff attaches to the Notice copies of the state court criminal dockets for Case Numbers 16-2013-CF-001897-AXXX-MA and 16-2013-CF-001900-AXXX-MA, in which the plaintiff herein, John Richard Johnson, is charged with various offenses.  See Notice, Ex. 1.

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  In Georgia v. Rachel, 384 U.S. 780 (1966), the Supreme Court set forth a two-prong test for determining whether a case properly can be removed under § 1443(1).  See Rachel, 384 U.S. at 792, 799, 803.  The Eleventh Circuit has described this test as follows: "[f]irst, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality,'" and "[s]econd, the petitioner must show that he has been denied or cannot enforce that right in state courts."  See Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting Rachel, 384 U.S. at 792, 794).

Here, Plaintiff alleges that Defendants have perpetrated a fraud on the court and violated Plaintiff's due process rights.  See Notice at 2.  However, Plaintiff's due process rights "do not arise from federal laws providing for specific civil rights in terms of racial equality; instead, they are rights that are available to all persons or citizens."  See Georgia v. James, No. 5:07-CV-471-HL, 2007 WL 4481528, at *1 (M.D. Ga. Dec. 17, 2007); DeJesus v. Georgia, No. 3:10-CV-53 (CAR), 2010 WL 3420828, at *2 (M.D. Ga. Aug. 26, 2010).  Indeed, no claims of racial inequality are made in the Notice.  As such, Plaintiff fails to satisfy the requirements for removal of a criminal action as set forth in § 1443(1).[2]

---

[2] Because Plaintiff does not satisfy the first prong of the test, the Court need not address the second prong.  See Florida v. Bethel, No. 5:09cv181/RS-EMT, 2009 WL 2436579, at *2 (N.D. Fla. Aug. 6, 2009) ("Failure to satisfy either prong of the two-pronged test is fatal to removal.").  Moreover, Plaintiff cannot remove (continued...)

In light of the foregoing, the Court will strike the Notice of Removal.  As previously discussed, Plaintiff has also filed a Complaint in this action, which the Court struck on September 4, 2014.  In accordance with the Court's prior Order, Plaintiff had up to and including September 19, 2014, to file an amended complaint. <u>See</u> Order (Doc. 4) at 4.  As this date has arrived, in an abundance of caution, the Court will give Plaintiff additional time to comply.   However, Plaintiff is cautioned that failure to file an amended complaint consistent with the Court's Order (Doc. 4) may result in the imposition of sanctions or dismissal of this action without further notice.  In light of the foregoing, it is

**ORDERED**:

1.    Plaintiff's Notice of Removal to USDC for Cause (Doc. 5) is **STRICKEN.**

2.    Plaintiff shall have up to and including **October 10, 2014**, to file an amended complaint consistent with the Court's Order (Doc. 4).

3.    Plaintiff is cautioned that failure to comply with the Court's Orders may result in the imposition of sanctions or dismissal of this action without further notice.

**DONE AND ORDERED** at Jacksonville, Florida on September 19, 2014.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

---

[2](...continued)
his criminal proceedings based on § 1443(2).  Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with them or for them in affirmatively executing duties under any federal law providing for equal civil rights." <u>City of Greenwood v. Peacock</u>, 384 U.S. 808, 824 (1966). Because Plaintiff has not alleged that he is a federal officer, employee, or agent, he may not remove his criminal cases pursuant to that provision. <u>See</u> <u>DeJesus</u>, 2010 WL 3420828, at *2.

lc11
Copies to:

Counsel of Record
Pro Se Parties